UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTHONY ESTEE GAULT,

                                                    **AMENDED MEMORANDUM
                                                    AND ORDER**
                          Plaintiff,                14-CV-7398 (PKC)

              –against–

ADMINISTRATIVE FAIR HEARING AT
14 BOERUM PLACE; HSBC BANK;
STATEN ISLAND FAMILY COURT CHILD
SUPPORT; BROOKLYN CRIMINAL COURT;
NEW YORK STATE WORKERS
COMPENSATION; NEW YORK STATE
FOOD STAMPS; NEW YORK STATE WELFARE;
NEW YORK STATE MEDICAID; NEW YORK
STATE DEPARTMENT OF HOMELESS SERVICES;
MCDONALDS AND VARIOUS FOOD
RESTAURANTS; ROBERT MERCADO, New York
State Fair Hearing Receptionist; HSBC – BANK–CEO;
STATEN ISLAND FAMILY COURT JUDGE
BARBOR P.; BROOKLYN CRIMINAL COURT
JUDGE GERSTEINANE,

                          Defendants.
-----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        On November 24, 2014, Plaintiff Anthony Estee Gault, proceeding *pro se*, filed the instant

42 U.S.C. § 1983 complaint in the United States District Court for the Southern District of New

York. By order dated December 8, 2014, the Southern District transferred the action to this Court.

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the

reasons stated below the complaint is dismissed, and Plaintiff is granted thirty (30) days leave to

submit an amended complaint.

*BACKGROUND*

Plaintiff's Complaint is difficult to understand. Plaintiff appears to allege that on November 19, 2013, he was falsely arrested at the New York State Office of Temporary and Disability Assistance ("OTDA"), located at 14 Boerum Place in Brooklyn, New York. (Compl. at 5[1].) Plaintiff further alleges that he was physically assaulted by security guards at that location. (*Id.*) Plaintiff seeks monetary damages.

*STANDARD OF REVIEW*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well–pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007);

---

[1] Plaintiff's complaint has been paginated for ease of reference.

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

*DISCUSSION*

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk,* 132 S. Ct. 1497, 1501–02 (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

## I.    § 1983 Claims Against Private Individuals

While Plaintiff's allegations against Defendant HSBC, HSBC CEO, McDonald's and various unnamed fast food establishments are unclear, private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Brentwood Academy v. Tennessee*, 531 U.S. 288, 305–06 (2001); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Morris v. Katz,* No. 11 Civ. 3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011). Here, Defendant HSBC is a private corporate bank and McDonald's is a private corporation, and thus, are not state actors for purposes of 42 U.S.C. § 1983. *See e.g., Brown v. Chase Bank*, No.13 CV 5309, 2013 WL 5537302, at *2 (E.D.N.Y. Oct. 17, 2013) (dismissing Plaintiff's § 1983 claims against defendant banks as private corporations that do not act under color of state law). Therefore, because Plaintiff fails to state a claim on which relief may be granted, the complaint is dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii).

## II.    § 1983 Claims Against Courts

Moreover, Plaintiff names as Defendants the Brooklyn Criminal Court and possibly the Richmond County Family Court–Child Support Division. A court is not a person within the meaning of 42 U.S.C. § 1983. *Zuckerman v. Appellate Division, Second Dep't, Supreme Court,* 421 F.2d 625, 626 (2d Cir. 1970); *McCluskey v. Town of East Hampton*, No. 13 Civ. 1248, 2014 WL 3921363, at *4 (E.D.N.Y. Aug. 7, 2014). Therefore, Plaintiff's complaint against the Brooklyn Criminal Court and the Richmond County Family Court–Child Support Division is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    Judicial Immunity

In general, judges have "absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt,* 579 F.3d 204, 209 (2d Cir. 2009). Under the doctrine of absolute judicial immunity, judges are subject to suit seeking retroactive relief, including damages, only for: (1)

"non–judicial actions, i.e., actions not taken in the judge's judicial capacity"; or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991) (internal citations omitted); *see Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles,* 502 U.S. at 11 (quoting *Stump,* 435 U.S. at 356); *see also Bliven,* 579 F.3d at 209 ("[E]ven allegations of bad faith or malice cannot overcome judicial immunity"); *see also Lomtevas v. Cardozo,* No. 05 CV 2779, 2006 WL 229908, at *5 (E.D.N.Y. Jan. 31, 2006) ("As a support magistrate in the Family Court, Clark's actions were the same as those of a judge. Her decisions were both judicial in nature and subject to review. Therefore, she is entitled to absolute immunity for her role as a support magistrate").

Therefore, to the extent that Plaintiff brings claims against Judge Gersteinane and Judge Barbour, seeking damages related to actions taken in their judicial capacity during Plaintiff's pending criminal prosecution and family court matter, the complaint is bereft of any facts from which it may reasonably be inferred that the Judges acted outside of their roles as judicial officers. Accordingly, the doctrine of absolute judicial immunity precludes Plaintiff's Section 1983 claims against Judge Gersteinane and Judge Barbour, and thus, Plaintiff's claims seeking monetary relief against these Defendants are dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii).

### IV.    § 1983 Claims against State and City Agencies

The Eleventh Amendment of the United States Constitution bars suits in federal court by private parties against the State or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. *Lapides v. Bd. of Regents of Univ. of Ga.,* 535 U.S. 613, 618 (2002); *see also Leogrande v. New York*, No. 08 Civ. 3088, 2013 WL 1283392, at *11 (E.D.N.Y. Mar. 29,

2013) (stating that it is well–established that New York has not consented to § 1983 suits in federal courts). Here, to the extent that Plaintiff seeks to bring claims against state agencies for alleged constitutional violations in relation to Workers' Compensation, Medicaid, food stamps, and homeless services, his complaint fails.

First, the Court notes that Plaintiff fails to allege any facts in support of his claim against any of the state and city agencies that he names. Plaintiff simply lists these Defendants in the caption of the complaint. *See Iwachiw v. N.Y.S. Dept. of Motor Vehicles*, 396 F.3d 525 (2d Cir. 2005) (affirming *sua sponte* dismissal of claims against named defendants on whose part the Amended complaint alleged no wrongdoing). Next, the Eleventh Amendment of the United States Constitution bars suits in a federal court by private parties against the State or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. *Lapides v. Bd. of Regents of Univ. of Ga.,* 535 U.S. 613, 618 (2002); *Marmot v. Bd. of Regents,* 367 F. App'x 191, 192 (2d Cir. 2010) (affirming dismissal of Section 1983 action against New York state agency and stating that "[i]t is well-established that New York has not consented to § 1983 suits in federal court"). Therefore, Plaintiff's claim for monetary damages against the state agencies are barred by the Eleventh Amendment.

Finally, although Plaintiff names New York State Department of Homeless Services as a Defendant, liberally construed, it appears that Plaintiff intends to name the New York City Department of Homeless Services as a Defendant. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Thus, the New York City Department of Homeless Services as an agency of the City of New York is not a suable entity. *See*

*Carter v. Rennessanice [sic] Men's Shelter*, No. 12 Civ. 5999, 2013 WL 308685, at \*3 (E.D.N.Y. Jan. 25, 2013) (the New York City Department of Homeless Services is not a suable entity).

Accordingly, Plaintiff's claims against the state agencies named by the Plaintiff in the caption of the complaint as: New York State Workers' Compensation, New York State Food Stamps, New York State Welfare, and New York State Medicaid are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Likewise, Plaintiff's claim against the New York City Department of Homeless Services identified by Plaintiff in the caption as New York State Department of Homeless Services is likewise dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claims against New York State Fair Hearing receptionist Robert Mercado are similarly dismissed, as Plaintiff's Complaint does not make clear what personal involvement Mercado himself had, if any, in the conduct alleged by Plaintiff.

## V.     Leave to Amend

In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is given 30 days leave to file an amended complaint. Should Plaintiff elect to file an amended complaint, he must name as proper Defendants those individuals who have some personal involvement in the action he alleges in the amended complaint and provide relevant dates. *See Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government–official defendant, through the official's own individual actions, violated the Constitution.").

If Plaintiff intends on maintaining an action for false arrest, he must name the individuals who arrested him. If Plaintiff wishes to bring claims against a Defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual. Plaintiff's amended complaint must contain a clear, concise, and brief factual description of the event upon which his claim is based.

Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that Plaintiff includes in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

*CONCLUSION*

Based on the foregoing, Plaintiff's complaint is dismissed as to all Defendants. *See* 28 U.S.C. § 1915(e)(2)(B).

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

  /s Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: June 8, 2016
      Brooklyn, New York